**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

CARIO, INC. D/B/A MAMA'S,                                   **COMPLAINT**
EMPANADAS
                            Plaintiff,

            v.                                               Civil Action No: 1:17-cv-03524

MATOS GROUP CORP D/B/A MAMA'S,
EMPANADAS, MAJ EMPANADAS LLC,
D/B/A MAMA'S EMPANADAS and
GOLD STAR EMPANADAS, LLC
D/B/A MAMA'S EMPANADAS,

                            Defendants.

_____

        Plaintiff CARIO, INC. D/B/A MAMA'S EMPANADAS (hereinafter, "Cario" or the

"Plaintiff") by its attorneys, JAKUBOWITZ & CHUANG LLP, for its causes of action

against MATOS GROUP CORP D/B/A MAMA's, EMPANADAS, MAJ EMPANADAS LLC,

D/B/A MAMA'S, EMPANADAS and GOLD STAR EMPANADAS, LLC  D/B/A MAMA'S,

EMPANADAS (hereinafter, the "Defendants"), alleges upon information and belief as

follows, except as to allegations concerning the Plaintiff or its counsel, which are made upon

personal knowledge:

## NATURE OF THE ACTION

        1.       The Plaintiff is a fast food company with its headquarters in Jackson Heights,

New York.

        2.       Through its chain of retail stores, Plaintiff sells high-quality Latin American

cuisine in the New York metropolitan area.

        3.       Plaintiff's main fares are 50 flavors of empanadas as well as other fast food

cuisine for take-out or catering.

4.      Plaintiff has been in the same business of selling empanadas for 16 years.

5.      Consequently, the name Mama's Empanadas has become synonymous with high quality empanadas in New York and this Judicial District, and throughout the United States since approximately 16 years when the first directly operated store owned by the Plaintiff opened in New York.

6.      The Defendants are operating separate fast food eateries, each bearing the trademarked name Mama's Empanadas.

7.      They are actively selling the same exact product using the exact same name as Plaintiff by operating fast food restaurants that advertise and actively sell empanada products.

8.      By doing so, the Defendants are likely to cause consumer confusion with the Plaintiff, as well as to dilute the Plaintiff's trademarks, which include a federally registered trademark for restaurant services featuring empanadas, beverages and desserts.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) for the claims arising out of the violations of Sections 32 and Section 43 of the Lanham Act, has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims arising out of the violation of Sections 349, 350, and 360-1 of the New York Business Law, and all other claims arising under the common law of the State of New York; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition.

10.     This Court has personal jurisdiction over the Defendants because the products

that are the subject of this action were, and continue to be, sold and/or offered for sale to consumers in New York State, including in this Judicial District.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

12.     The Plaintiff has sold and/or offered its goods for sale in inter- and intrastate commerce, including commerce in the State of New York, and in this Judicial District.

13.     The Plaintiff Mama's Empanadas-branded fast food products have been in commerce since at least 2001.

14.     The Plaintiff has a principal place of business at 85-05 Northern Boulevard, Jackson Heights, NY 11372.

15.     The Plaintiff (through its assignors: Alberto J. Bastidas who assigned the trademark to JGAB, Inc. who then assigned it to Plaintiff) filed a trademark application with the United States Patent and Trademark Office on September 13, 2002 in International Class 43 (food services) for exclusive use of the phrase "MAMA'S EMPANADAS" in commerce under the Trademark Act.

16.     On June 14, 2005, the Plaintiff's trademark application was published in the Official Gazette.

17.     No one chose to oppose the Plaintiff's trademark application.

18.     On September 6, 2005, the USPTO issued a Notice of Allowance.

19.     On March 7, 2006 the trademark was registered on the Principal Register as U.S. Trademark Registration No. 3,066,296 (the "'296 Trademark").

20. The '296 Trademark Registration is entitled to a priority date of September 12, 2003.

21. Attached as Exhibit 1 hereto is a true and accurate copy of the '296 Trademark.

22. The federal registration for the '296 Trademarks is in full force and effect, and is incontestable.

23. The '296 trademark has become known as a source identifier for high quality, authentic MAMA'S EMPANADAS® products.

24. Matos Group Corp. d/b/a Mama's Empanadas is a New York corporation having a principal place of business at 3333 82nd Street, Apt 2A, Jackson Heights, NY 11372 and a restaurant location at 82-02 Roosevelt Avenue, Store #6, Jackson Heights, NY 11372.

25. Gold Star Empanadas, LLC d/b/a Mama's Empanadas is a New York Corporation with a principal place of business at 32-43 81st Street, 2nd Floor, East Elmhurst, NY 11370 and restaurant location 84-17 Northern Boulevard, Jackson Heights, NY 11372.

26. Maj Empanadas LLC d/b/a Mama's Empanadas is a New York Corporation with a principal place of business at 76-17 Roosevelt Avenue, Jackson Heights, NY 11372.

27. The Defendants offer to sell and indeed sell, infringing products to consumers located in New York and this Judicial District.

28. If a user searches for Mama's Empanadas, a slew of restaurants fill the results page that belong to the Defendants.

29. After numerous attempts to contact the Defendants so that this could be resolved amicably, Plaintiff's attorneys, this firm, was retained to contact them as well.

30. On or about August 4, 2016, Plaintiff, through its attorneys, attempted to contact Defendants by letter correspondence addressed to either their principal place of business or

restaurant location, demanding the Defendants cease and desist their infringing conduct, but as yet to receive a response.

31.     The Defendants have refused to respect the Plaintiff's rights, despite repeated demands from the Plaintiff since that time.

32.     Therefore, this is an action for trademark infringement and trademark dilution, brought pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and (c); and causes of action under Sections 349, 350, and 360-l of the New York General Business Law, and for violations of the New York State common law.

33.     Unless enjoined, the Defendants' conduct will continue to injure both Plaintiff and the public.

## **FIRST CLAIM FOR RELIEF**
### **Federal Trademark Infringement in Violation of Section 32 of the Lanham Act**
### **(15 U.S.C. § 1114)**

34.     The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 34 above as if fully set forth herein.

35.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

36.     The '296 Trademark is federally registered.

37.     The '296 Trademark is distinctive and is associated in the mind of the public with the Plaintiff.

38.     Additionally, based on the Plaintiff's extensive advertising, sales, and the

popularity of its own products, the '296 Trademark have acquired secondary meaning so that the public associates these trademarks exclusively with the Plaintiff.

39.     The Defendants have used counterfeit reproductions of the Plaintiff's '296 Trademark in connection with the advertising, sale, offering for sale and/or distribution of goods for their own financial gain.

40.     The Plaintiff has not authorized the Defendants' use of any of its trademarks.

41.     The Defendants' unauthorized use of the '296 Trademark on or in connection with the advertising and sale of goods constitutes the use of Plaintiff's registered mark in commerce.

42.     The Defendants' unauthorized use of the '296 Trademark is likely to cause confusion, mistake, or deception; cause the public to believe that the Defendants' products emanate or originate from Plaintiff when they do not, or that the Plaintiff has authorized, sponsored, approved or otherwise associated itself with the Defendants or their counterfeit products bearing the Plaintiff's trademark.

43.     The Defendants' unauthorized use of the '296 Trademark has resulted in the Defendants unfairly and illegally benefitting from the Plaintiff's goodwill.

44.     This conduct has caused substantial and irreparable injury to the public, to the Plaintiff, to the Plaintiff's trademark, and the substantial goodwill represented thereby.

45.     Accordingly, the Defendants have engaged in trademark infringement in violation of 15 U.S.C. § 1114.

46.     The Defendants' acts have caused, and will continue to cause, irreparable injury to the Plaintiff.

47.     The Plaintiff has no adequate remedy at law and is thus entitled to damages in

an amount yet to be determined.

48.     The Defendants' egregious conduct in repeatedly selling infringing merchandise bearing the unauthorized '296 Trademarks is willful and intentional, and thus this constitutes an exceptional case.

## SECOND CLAIM FOR RELIEF
### Trade Dress Infringement and False Designation of Origin in Violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

49.     The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 49 above as if fully set forth herein.

50.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) provides, in relevant part, that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—(1)(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

51.     By making unauthorized use, in interstate commerce, of the '296 Trademark the Defendants have used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of the Defendants with Plaintiff and as to the origin, sponsorship, association or approval of the Defendants' services and goods by Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52.     The Defendants' acts constitute the use in commerce of false designations

of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent the Defendants' products as those of Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     The Defendants' wrongful acts will continue unless and until enjoined by this Court.

54.     The Defendants' acts have caused and will continue to cause irreparable injury to the Plaintiff.  The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

55.     The Defendants' egregious conduct in selling infringing products is willful and intentional.

### THIRD CLAIM FOR RELIEF
**Federal Trademark Dilution in Violation of Section 43(c) of the Lanham Act**
**(15 U.S.C. § 1125(c))**

56.     The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 56 above as if fully set forth herein.

57.     Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), provides, in relevant part, that:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

58.     Plaintiff is the exclusive owner of the '296 Trademark.

59.     The '296 Trademark are famous and distinctive within the meaning of Section

43(c) of the Lanham Act, 15 U.S.C. §1125(c).

60. The '296 Trademark is a distinctive mark that has been in use for many years and plays a prominent role in Plaintiff's marketing, advertising and the popularity of its products across many different media.

61. The '296 Trademark is famous long before the Defendants began using unauthorized reproductions, counterfeits, copies and colorable imitations on their unauthorized merchandise.

62. The '296 Trademark has gained widespread publicity and public recognition in New York and elsewhere.

63. To enhance its rights further, the Plaintiff obtained Federal registrations for the '296 Trademarks.

64. The Defendants' sale of goods that use the '296 Trademark constitutes use in commerce of the '296 Trademark.

65. Plaintiff has not licensed or otherwise authorized the Defendants' use of the '296 Trademarks.

66. Consumers are likely to locate and purchase the Defendants' products in the erroneous belief that the Defendants are associated with, sponsored by or affiliated with Plaintiff, and/or that Plaintiff is the source of those products.

67. The Defendants' use of the '296 Trademark dilutes and/or is likely to dilute the distinctive quality of the mark and to lessen the capacity of such mark to identify and distinguish Plaintiff's goods.

68. The Defendants' unlawful use of the '296 Trademark in connection with inferior goods is also likely to tarnish those trademarks and cause blurring in the minds of

consumers between Plaintiff and the Defendants, thereby lessening the value of the '296

Trademark as unique identifiers of Plaintiff's products.

69.     The Defendants' acts have caused and will continue to cause irreparable injury

to Plaintiff.  The Plaintiff has no adequate remedy at law and is thus damaged in an amount

yet to be determined.

### FOURTH CLAIM FOR RELIEF
**Trademark Dilution in Violation of the New York General Business Law**
**(N.Y. Gen. Bus. Law § 360-l)**

70.     The Plaintiff hereby repeats each and every allegation set forth in paragraphs

1 to 70 above as if fully set forth herein.

71.     New York General Business Law, Section 360-l provides that:

> Likelihood of injury to business reputation or of dilution of the
> distinctive quality of a mark or trade name shall be a ground for
> injunctive relief in cases of infringement of a mark registered or not
> registered or in cases of unfair competition, notwithstanding the absence
> of competition between the parties or the absence of confusion as to the
> source of goods or services.

72.     The Plaintiff is the exclusive owner of the '296 Trademark.

73.     Through prominent, long and continuous use in commerce, including

commerce within New York, the '296 Trademark have become, and continue to become,

famous and distinctive.

74.     Long after the '296 Trademark became famous, the Defendants, without

authorization from Plaintiff, used unauthorized reproductions, counterfeits, copies and

colorable imitations of the '296 Trademark.

75.     The Defendants' unauthorized use of the '296 Trademark dilutes and/or is

likely to dilute the distinctive quality of those marks and to lessen the capacity of such

marks to identify and distinguish the Plaintiff's goods.

76.     The Defendants' unlawful use of the '296 Trademark in connection with inferior goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Plaintiff and the Defendants, thereby lessening the value of the '296 Trademark as unique identifiers of Plaintiff's products.

77.     By the acts described above, the Defendants have diluted, and are likely to dilute the distinctiveness of the '296 Trademark and caused a likelihood of harm to Plaintiff's business reputation in violation of Section 360–l of the New York General Business Law.

78.     The Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff.  The Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

### FIFTH CLAIM FOR RELIEF
### Deceptive Acts and Practices Unlawful in Violation of the New York General Business Law
### (N.Y. Gen. Bus. Law §§ 349 and 350)

79.     The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 79 above as if fully set forth herein.

80.     New York General Business Law, Section 349 states, in relevant part, that: "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

81.     Through their importation, advertisement, distribution, offer to sell and sale of unauthorized products bearing the '296 Trademark, the Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted

in injury to consumers in New York.

82.     The Defendants' deceptive acts or practices, as described herein, are materially misleading.  Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendants have directed their marketing activities, and Plaintiff  has been injured thereby.

83.     By the acts described above, the Defendants have willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 and 350 of the New York General Business Law.

84.     The Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff.  The Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SIXTH CLAIM FOR RELIEF

### Trademark Infringement in Violation of New York State Common Law

85.     The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 85 above as if fully set forth herein.

86.     The Plaintiff owns all right, title and interest in and to the '296 Trademark including all common law rights in the '296 Trademark.

87.     The products sold by the Defendants incorporate imitations of Plaintiff's common law trademarks.

88.     Defendants' use of the '296  Trademark is unauthorized and is likely to cause consumer confusion.

89.     By the acts described above, the Defendants have engaged in trademark infringement in violation of the common law of the State of New York.

90.     The Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff.  The Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

### SEVENTH CLAIM FOR RELIEF
### Unfair Competition in Violation of the New York Common Law

91.     The Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 91 above as if fully set forth herein.

92.     The Defendants have palmed off their goods as Plaintiff's improperly trading upon the Plaintiff's goodwill and valuable rights in and to the '296 Trademark.

93.     The Defendants have committed the above alleged acts willfully, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of the Defendants.

94.     By the acts described above, the Defendants have engaged in unfair competition in violation of the common law of the State of New York.

95.     The Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff.  The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

96.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays:

1. For a **FINAL JUDGMENT** that:

    a.  The Defendants have engaged in trademark infringement in

violation of violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

b. The Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

c. The Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C.§ 1125(c);.

f. The Defendants have diluted the distinctiveness of the '296 Trademarks and caused injury to Plaintiff's business reputation in violation of Section 360-l of the New York General Business Law;

g. The Defendants have engaged in deceptive acts and practices unlawful in violation of Sections 349 and 350 of the New York General Business Law;

h. The Defendants have engaged in trademark infringement in violation of the common law of the State of New York;

i. The Defendants have engaged in unfair competition in violation of the common law of the State of New York; and

j. That the above acts were done willfully, and/or intentionally.

2. For entry of an Order permanently enjoining and restraining the Defendants, and their officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them, from:

a. Using any reproduction, counterfeit, copy or colorable imitation of the '296 Trademark for and in connection with any goods or their packaging not authorized by Plaintiff;

b. Engaging in any course of conduct likely to cause confusion, deception or

mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of the '296 Trademark;

c.   Using any false description or representation, including words or other symbols tending falsely to describe or represent Defendants' unauthorized goods or their packaging as being those of Plaintiff, or sponsored by or associated with Plaintiff, and from offering such goods into commerce;

d.   Further    infringing    the    '296 trademark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products or their packaging not authorized by Plaintiff that bear any simulation, reproduction, counterfeit, copy or colorable imitation of the '296 Trademark;

e.   Using any simulation, reproduction, counterfeit, copy or colorable imitation of the '296 Trademark, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

f.   Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by the Defendants are in any manner associated or connected with Plaintiff or are sold, manufactured,

licensed, sponsored, approved or authorized by Plaintiff;

g.   Infringing the '296 Trademark or the Plaintiff's rights therein, or using or exploiting the '296 Trademark; and

h.  Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

3. For an entry of an **ORDER** directing that the Defendants deliver up for destruction to Plaintiff all unauthorized products, advertisements and packaging in their possession or under their control bearing any of the '296 Trademark, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

4. For an entry of an **ORDER** transferring or canceling at Plaintiff's election, any infringing domain names used by the Defendants to engage in unauthorized activities, to Plaintiff's control so they may no longer be used for unauthorized purposes.

5. For entry of an **ORDER** requiring the Defendants to disseminate corrective advertisements in a form approved by the Court to acknowledge their violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

7. For all such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or

associated packaging manufactured, sold or otherwise circulated or promoted by the Defendants are authorized by Plaintiff or related in any way to Plaintiff's products.

8. For an assessment of the actual damages suffered by Plaintiff, trebled, and an award of all profits that Defendants have derived from using the '296 Trademark trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

9. For costs of this suit and for such other and further relief as the Court shall deem appropriate.

Dated: June 12, 2017
     Brooklyn, New York

                                   Jakubowitz & Chuang LLP

                                   /s/ Tovia Jakubowitz
                                   By: Tovia Jakubowitz, Esq.
                                     *Attorney for Plaintiff*
                                     3019 Avenue J
                                     Brooklyn, NY 11210
                                     p-(347) 230-6622
                                     f-(718) 764-4294